```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**LAWRENCE "LARRY" LEE RAMIREZ**                                  **PLAINTIFF**

v.                    Civil No.: 08-cv-5038

**SHERIFF KEITH FERGUSON ET AL.**                               **DEFENDANTS**

## J U D G M E N T

For the reasons recited in a Memorandum Opinion of even date, Plaintiff's claims against separate Defendant Deputy Pop are hereby **DISMISSED**. Judgment is hereby entered in favor of Plaintiff and against the remaining Defendants in the amount of $59,004.00, which represents:

- \*   $500.00 in compensatory damages assessed against Deputy Scott Vanatta in his individual capacity for the use of excessive force upon his first entry into Plaintiff's cell on July 7, 2007;

- \*   $5,000.00 in compensatory damages assessed against Deputies Scott Vanatta, Charles Tomlin and Ivan Torres in their individual capacities, jointly and severally, for the excessive force used against the Plaintiff upon the second entry into Plaintiff's cell on July 7, 2007;

- \*   $5,000.00 in punitive damages assessed against Deputy Vanatta in his individual capacity, $5,000.00 in punitive damages assessed against Deputy Tomlin in his individual capacity, and $5,000.00 in punitive damages assessed against Deputy Torres in his individual capacity, for a

    total of $15,000.00 in punitive damages, for the excessive force used upon the second entry into Plaintiff's cell on July 7, 2007;

* $13,500.00 in compensatory damages assessed against Dr. John Huskins in his individual capacity for deliberate indifference to Plaintiff's mental health needs during Plaintiff's first period of incarceration, and $1.00 in nominal damages assessed against Dr. Huskins in his individual capacity for the same deliberate indifference during Plaintiff's second period of incarceration;

* $1.00 in nominal damages and $15,000.00 in punitive damages assessed against Deputy Megan Hadley Rutledge in her individual capacity for deliberate indifference to Plaintiff's mental health needs during his second period of incarceration; and

* $2.00 in nominal damages assessed against Sheriff Keith Ferguson and Captain Hunter Petray in both their individual and official capacities, $5,000.00 in punitive damages assessed against Sheriff Ferguson in his individual capacity, and $5,000.00 in punitive damages assessed against Captain Petray in his individual capacity for their deliberate indifference in failing to properly train deputies on booking/intake policies and procedures for inmates with mental health needs.

Further, Defendants shall be required to pay the court filing fee of $350.00 that has been assessed against the Plaintiff.  If all or any portion of the filing fee has been paid through deductions from Plaintiff's inmate account, the Clerk is instructed to refund the funds to Plaintiff.

Finally, Defendants are not entitled to offset the damage award by the costs of Plaintiff's incarceration.

This judgment shall bear interest at the rate of .26% from the date of entry until paid.

**IT IS SO ORDERED this 29th day of March 2011.**


/s/ Erin L. Setser
HON. ERIN L. SETSER
U.S. MAGISTRATE JUDGE